**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| K.T. Parent and Next Friend of M.B., | ) | |
| Student | ) | |
| Plaintiffs, | ) | |
| | ) | Cause No. 3:26-cv-980 |
| v. | ) | |
| | ) | |
| Penn Harris Madison School Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT AND DEMAND FOR TRIAL BY JURY**

COME NOW, K.T., Parent and Next Friend of M.B., Student, and do hereby bring this action against Defendant, Penn Harris Madison School Corporation ("hereinafter "Penn Harris" or "the School"), for damages suffered as a result of discrimination against K.T. and her child M.B. on the basis of M.B.'s disability. Plaintiffs hereby request a jury trial in this matter.

## I.    INTRODUCTION

1. This action is brought pursuant to the Fourteenth Amendment of the United States Constitution, Title II of the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act, 42 U.S.C. § 1983 and Indiana tort law.

2. K.T. and her child M.B. reside in St. Joseph County, Indiana. Defendant Penn Harris Madison School Corporation is located in St. Joseph County, Indiana.

1

3.  M.B. is a qualified individual with a disability and was at all times relevant, a student enrolled within Penn Harris.

4.  Penn Harris is an Indiana public school corporation that receives federal funding for the education of students with disabilities and other services.

5.  Penn Harris discriminated against M.B. on the basis of his disability, and as a result, K.T. and her child M.B. have suffered and continue to suffer emotional, pecuniary, and actual damages.

## II.    JURISDICTION AND VENUE

6.   This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367, the Fourteenth Amendment, Section 504 of the Rehabilitation Act, the Americans with Disabilities Act, and 42 U.S.C. § 1983.

7.  This Court, without regard to the amount in controversy, has jurisdiction over the Plaintiffs' requests pursuant to federal and Indiana statutes.

8.  Venue is proper in the Northern District of Indiana, South Bend Division, because all relevant actions took place in St. Joseph County, Indiana. Additionally, Plaintiffs live in St. Joseph County, Indiana, and the School is incorporated in St. Joseph County, Indiana.

## III.    PARTIES

9.  Plaintiff M.B. is a kindergarten student with a disability residing in Indiana and brings this action through his mother and next friend, K.T.

10.      Plaintiff, K.T. is M.B.'s mother.

11.      Defendant Penn Harris Madison School Corporation ("Penn Harris" or "the School") is a public school corporation organized under Indiana law and a recipient of federal financial assistance.

## IV. FACTUAL ALLEGATIONS

12.      M.B. is a kindergarten student diagnosed with low-functioning Autism Spectrum Disorder.

13.      M.B. has significant autism-related needs affecting communication, transitions, and emotional regulation.

14.       On August 6, 2025, the School contacted K.T. to propose limiting M.B.'s school day to one-hour and treating him as a homeschooled student.

15.      K.T. agreed only temporarily to a one-hour schedule and proposed a gradual increase to a half-day schedule to support M.B.'s transition.

16.      During the same conversation, K.T. requested an IEP evaluation and provided documentation of M.B.'s autism diagnosis.

17.      The School failed to draft an IEP until November 7, 2025, approximately three months after the request.

18.      On September 30, 2025, the school principal requested a meeting to discuss reducing M.B.'s schedule.

19.      After K.T. advocated for services, Penn Harris further restricted M.B.'s access to education.

20.      On October 1, 2025, the principal unilaterally imposed a return to one-hour school days, over K.T.'s objection.

21.     Despite escalation to higher administration, the School confirmed the reduced schedule effective October 7, 2025.

22.     The School imposed the reduced schedule unilaterally, without evaluation data, parental consent, or an IEP.

23.     Nondisabled peers received full instructional days while M.B. was restricted to one-hour days.

24.     The reduction in instructional time constituted a significant educational change implemented without due process.

25.     The School's actions deprived M.B. of meaningful access to education and caused emotional and educational harm.

26.     As a result of Defendant's actions, M.B. suffered and continues to suffer emotional distress, regression, and loss of educational opportunity.

## V. <u>COUNT I – VIOLATION OF THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION</u>

27.     Plaintiffs hereby replead and incorporate by reference paragraphs 1-26.

28.     M.B. is an individual with a disability and was entitled to attend school at Penn Harris because he has legal settlement there.

29.     Defendant is an Indiana public school corporation that receives federal funding for educating students with special needs and other federal funds.

30.     Defendant treated Plaintiff differently from similarly situated nondisabled students.

31.     Defendant's actions were intentional and lacked a rational basis.

4

32.     Defendant violated Plaintiff's rights under the Fourteenth Amendment.

33.     As a result of Defendant's actions, Plaintiffs suffered and continue to suffer emotional and financial harm.

## VI. COUNT II – VIOLATION OF 42 U.S.C. 1983

34.     Plaintiffs hereby replead and incorporate by reference paragraphs 1-33.

35.     Defendant is a state actor and used its power to willfully, wantonly, and recklessly discriminate against M.B. and K.T. on the basis of M.B.'s disability.

36.     Defendant used its authority under state law to deprive M.B. access to equal protection under applicable federal laws.

37.     The actions of Defendatn were a gross misjudgment and made in bad faith.

38.     Defendant has a widespread pattern and practice of discriminating against disabled students by not providing them with the same protections as other nondisabled students or punishing them more frequently for similar behaviors.

39.     Defendant's relevant policies and practices have had a disparate and disproportionate impact on disabled students.

40.     As a result of Defendant's Actions, Plaintiffs suffered and continue to suffer emotional and financial harm.

## VII.    COUNT III – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

41.    Plaintiffs hereby replead and incorporate by reference paragraphs 1-40.

42.    Plaintiff is a qualified individual with a disability within the meaning of the ADA.

43.    Defendant discriminated against M.B. and K.T. on the basis of M.B.'s disability.

44.    Defendant is a state actor and receives federal funds for M.B.'s benefit, including but not limited to funds under the Elementary and Secondary Schools Emergency Relief Funds, Title One, School Nutrition Funds, and funds under the IDEA.

45.    Defendant's actions have prevented M.B. from attending school, which is his constitutional right.

46.    Defendant's actions and inactions have created an environment that was severe and pervasive enough to deprive M.B. of access to educational benefits.

47.    As a result of Defendant's actions, Plaintiffs suffered and continue to suffer emotional and financial harm.

## VIII.    COUNT IV – VIOLATION OF SECTION 504

48.    Plaintiffs hereby replead and incorporate by reference paragraphs 1-47.

49.    M.B. is a qualified individual with a disability.

6

50.    Defendant's actions prevented M.B. from attending school, even though he had a constitutional right to do so.

51.    Defendant's actions and inactions created an environment that was severe and pervasive enough to deprive M.B. of access to educational benefits.

52.    As a result of Defendant's actions, Plaintiffs suffered and continue to suffer emotional and financial harm.

## IX.    COUNT V – RETALIATION

53.    Plaintiffs hereby replead and incorporate by reference paragraphs 1-52.

54.    Defendant retaliated against Plaintiffs for K.T.'s advocacy for M.B.

55.    As a result of Defendant's retaliation, Plaintiffs have suffered and continue to suffer financial and emotional harm.

## X. COUNT VI – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

56.    Plaintiffs hereby replead and incorporate by reference paragraphs 1-55.

57.    Defendant engaged in extreme and outrageous conduct that cause emotional distress to the plaintiffs' collectively.

58.    Defendant's conduct as intentional and/or reckless.

59.    As a result of Defendant's intentional and/or reckless conduct, plaintiffs have suffered and continue to suffer emotionally and financially.

## XI.    COUNT VII – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

60.    Plaintiffs hereby replead and incorporate by reference paragraphs 1–59.

61.    Defendant's actions were reckless, intentional, and negligent.

62.    As a result of Defendant's, Plaintiffs have collectively suffered emotional distress.

63.    As a result of Defendant's actions, Plaintiffs have suffered and continue to suffer financially and emotionally as a result of Defendant's negligence.

## XII.    COUNT VIII – NEGLIGENT SUPERVISION AND TRAINING

64.    Plaintiffs hereby replead and incorporate by reference paragraphs 1–63.

65.    Defendant had a duty to supervise and train teachers and staff working with M.B. and they breached that duty.

66.    Defendant had a duty to properly investigate allegations of wrongdoing and they breached that duty.

67.    Defendant negligently supervised and trained the staff working with M.B. and as a result of their failure to supervise staff, Plaintiffs suffered and continue to suffer emotional and financial damages.

## XIII.    COUNT VIX – HOSTILE EDUCATIONAL ENVIRONMENT

68.    Plaintiffs hereby replead and incorporate by reference paragraphs 1-67.

69.    M.B. is a qualified individual with a disability.

8

70.     Defendant receives federal funding to serve M.B.

71.     Plaintiffs suffered a hostile educational environment as a result of M.B.'s disability.

72.     Defendant's treatment of Plaintiffs, collectively, was so severe, pervasive, and offensive, that it denied M.B. access to a free appropriate public education and created a hostile educational environment for him.

73.     Defendant had the authority to address the harassment and disparate treatment and chose not to, or did so woefully inadequately.

74.     As a result of the hostile educational environment, K.T. and her child, M.B. were deprived access to educational benefits to which other nondisabled peers had access.

75.     As a result of Defendant's actions, Plaintiffs suffered and continue to suffer emotionally and financially.

## XIV.     COUNT VX – FAILURE TO ACCOMMODATE

76.     Plaintiffs hereby replead and incorporate by reference paragraphs 1-75.

77.     M.B. is a qualified individual with a disability.

78.     K.T. is M.B.'s mother.

79.     Defendant was aware of his disability.

80.     Defendant failed to accommodate M.B.'s disability.

81.     K.T. met with Defendant a number of times to discuss and advocate for accommodations for M.B.

82. Defendant did not allow K.T. to be a meaningful participant in meetings regarding M.B.'s accommodations.

83. As a result, M.B.'s education plan was not properly developed or implemented and M.B. suffered both discrimination and a hostile educational environment.

84. M.B.'s teachers did not provide the accommodations that were appropriate for M.B.

85. As a result of Defendant's actions, Plaintiffs suffered and continue to suffer emotionally and financially.

## XV. COUNT XI – DISCRIMINATION ON THE BASIS OF ASSOCIATION

86. Plaintiffs hereby replead and incorporate by reference paragraphs 1-84.

87. M.B. is a qualified individual with a disability.

88. M.B. is eligible to attend school and has a right to a free appropriate public education.

89. Defendant receives federal funding to educate M.B.

90. M.B. did not receive a free appropriate public education.

91. M.B. did not receive reasonable accommodations.

92. M.B. suffered a hostile educational environment.

93. M.B. suffered emotional distress.

94. K.T. advocated for M.B. because Defendant was not serving him.

95.    As a result of her advocacy, K.T. was differently and was denied access to the same benefits and services available to other families at Defendant school.

96.    Plaintiffs suffered and continue to suffer emotionally and financially because of Defendant's discrimination and disparate treatment of them.

## XVI.    PRAYER FOR RELIEF

97.    Plaintiffs hereby replead and incorporate by reference paragraphs 1- 96.

98.    Plaintiffs were harmed as a result of Defendant's actions and seek to be made whole financially.

99.    Plaintiffs seek financial damages in an amount to be determined at trial.

100.    Plaintiffs are entitled to all damages, including but not limited to compensatory and punitive damages.

101.    Plaintiffs request a trial by jury to hear their claims.

102.    Plaintiffs' attorneys' fees should be reimbursed.

## XVII. CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully pray that this Court finds against Defendant and for all other relief deemed just.

> Respectfully submitted,
> Curlin & Clay Law Association of
> Attorneys,

Date: <u>July 1, 2026</u>

<u>*Bridget M. Boland*</u>
Bridget M. Boland (Atty. No. 39170-49)
CURLIN & CLAY LAW ASSOC. OF ATTYS.
8510 Evergreen Avenue
Indianapolis, IN 46240
bboland@curlinclaylaw.com
Phone: (317) 202-0301
Fax: (317) 536-3553


*Alexandra M. Cl.*

Alexandra M. Curlin (Atty No. 24841-49)
Curlin & Clay Law Association of
Attorneys
8510 Evergreen Ave., Ste. 200
Indianapolis, IN  46240
Telephone (317) 202-0301
Facsimile (317) 536-3663
amcurlin@curlinclaylaw.com


## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a copy of the above has been served on the following by electronic mail or first-class mail to the following individual on the following date:  <u>Date: July 1, 2026</u>

Dr. Heather Short, Superintendent
Penn Harris Madison School Corporation
55900 Bittersweet Road
Mishawaka, IN 46545

<u>*/s/ Bridget M. Boland*</u>
Bridget M. Boland
Attorney for Plaintiffs

12